**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DAVID O. MCMAHAN,

   Petitioner-Appellant,

v.

LENORA JORDAN, Warden,

   Respondent-Appellee.

No. 05-7115

(E.D. Oklahoma)

(D.C. No. 04-CV-396-W)

**ORDER**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

  David McMahan, an Oklahoma state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to appeal the district court's decision

dismissing as untimely his 28 U.S.C. § 2254 petition for a writ of habeas corpus.

We deny Mr. McMahan's application for a COA and we dismiss this appeal.

### I. BACKGROUND

  On April 11, 2001, a state court judge for the District Court of Marshall

County entered a judgment and sentence reflecting Mr. McMahan's conviction.

Mr. McMahan was convicted by a jury for conspiracy to manufacture

methamphetamine, after former conviction of two felonies.  Mr. McMahan did not

appeal his conviction, and the conviction became final in ten days, on April 21, 2001. *See* Rule 2.1(B), Rules of the Court of Criminal Appeals, OKLA. STAT. ANN., tit. 22, Ch. 18 App.

On November 30, 2001, Mr. McMahan filed an application for post-conviction relief in the Marshall County District Court. The State district court denied Mr. McMahan's petition on December 12, 2001. Mr. McMahan filed a second post-conviction application on October 30, 2002, which was denied on June 18, 2003. On September 3, 2003, the Oklahoma Court of Criminal Appeals affirmed this denial. Mr. McMahan filed his § 2254 petition on September 7, 2004, in which he raised eleven claims. The district court dismissed these claims as untimely.[1]

## II. DISCUSSION

In order for this court to grant a COA, Mr. McMahan must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Mr. McMahan must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

---

[1] The district court did not rule upon the issuance of a COA. "Under our Emergency General Order of October 1, 1996, we deem the district court's failure to issue a certificate of appealability within thirty days after filing the notice of appeal as a denial of the certificate." *United States v. Kennedy*, 225 F.3d 1187, 1193 n.3 (10th Cir. 2000) (citation omitted). We construe petitioner's notice of appeal as a request for COA. *See id.*; FED. R. APP. P. 22(b)(2), and deem the COA denied. *See* 10TH CIR R. 22.1(C).

2

been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). When a § 2254 petition is denied by the district court for procedural reasons, as is the case here, the petitioner must show "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

For purposes of habeas review, the one-year statute of limitations began to run at the time Mr. McMahan's convictions became "final." *See* 28 U.S.C. § 2244(d)(1)(A) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]").

The limitations period began to run on April 21, 2001 and ran for 222 days until Mr. McMahan filed his petition seeking post-conviction relief on November 30, 2001. The state court denied relief on December 12, 2001. Mr. McMahan did not appeal this decision, and thus is became final thirty days later. OKLA. STAT. ANN. tit. 22, § 1087. The limitation period was thus tolled for 43 days until January 11, 2002. His deadline for filing a § 2254 petition was June 4, 2002.

Mr. McMahan filed his § 2254 petition on September 7, 2004, more than

3

two years beyond the statutory deadline. Mr. McMahan's additional state postconviction filings did not further suspend the limitations period because they too were filed after the one-year period expired.

We have carefully reviewed Mr. McMahan's brief, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or Mr. McMahan's filings raises an issue which meets our standards for the grant of a COA. For substantially the same reasons as set forth by the district court, we cannot say that it is "debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

### III. CONCLUSION

We DENY Mr. McMahan's request for a certificate of appealability and DISMISS the appeal.

Entered for the Court

Robert H. Henry
Circuit Judge

4